*13
 
 Nash, J.
 

 This was an action of debt on the official bond of one Sedbury, a constable, to which the defendant’s testator was a surety. The case states that in April 1536, the relator put into the hands of Sedbury a note for $75, upon John and Jane McAlister, and took his receipt to collect the money or return the note. . In 1845, a demand was made upon the surety, for the money,, the constable having previously run away. The case then proceeds — *• It did not appear upon the trial, that the constable had collected the money from the debtors, the McAlisters, nor was it made to appear that they had any property out of which the debt could be made,” and for these reasons, “ the Court charged the jury, that the relator was entitled only to nominal damages, for not returning the note.”
 

 The 3rd breach assigned in the plaintiff’s declaration, was for not returning the note. The first, for collecting the money, and not paying it over. As the fact assigned as the 3rd breach, is necessarily connected with the first assigned, in the view we have taken of the case, we shall not give it a separate and distinct consideration. His Honor charged the jury, that it did not appear that the constable had collected the money from the debtors, the McAlisters. In this, we think there is error. If he meant that there was no direct proof of that fact, he was right; but there was no necessity for such evidence, to enable the plaintiff to recover for the first breach. If he did not so mean, the language was well calculated to mislead the jury, and must have had that effect, as they gave nominal damages only, for not returning the note — in compliance with the charge as to the 3rd breach. That there was evidence to go to the jury, and which ought to have been submitted to them, is evident from the facts stated in the case. Near, if not quite, six years had elapsed, after Sedbury received the note, before this action was brought, and upon the trial it was not produced, nor offered to be surrendered up ; nor was any account given of it. The
 
 *14
 
 constable had run away, and had either taken the note with him or received the money and converted it to his own use, before he did so. The case of
 
 Wilson
 
 v.
 
 Coffield, 5
 
 Ired, 515, is a direct authority upon this point. There, the constable had, in February 1838, received from the plaintiff a judgment to collect, and the action was brought in 1844. This Court decided that the Judge might have instructed the jury, that from the length of time, which had elapsed, the law presumed the constable had received the money. This presumption arises from the fact, that when the action is brought, the note is neither surrendered to the plaintiff, nor is it in any way accounted for. His Honor laid upon the constable the duty to show he had not collected the money. The plaintiff has not been placed by the constable, in the situation in which he was, when the agency was assumed, and which he had a right to require. There was then evidence to go to the jury, that Sedbury had collected the money. This action is against the surety, but it is not denied, that he must stand in the shoes of his principal; it was his duty to see that the constable, not only paid over all the money, which he had collected, to the persons to whom due, but, also, that all evidences of debt, placed in his hands for collection, be returned to their respective owners, at the expiration of his official year.
 
 State
 
 v.
 
 Johnson,
 
 7 Ired. 75. We are of opinion that the presiding Judge erred in the instruction he gave the jury.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 ordered.